**GRAHAM & PENMAN, LLP**
Jason W. Graham (GA Bar No. 304595)
Raegan M. King (GA Bar No. 812035)
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone:  (404) 842-9380
Facsimile:  (678) 904-3110
Email:  jason@grahamandpenman.com
 raegan@grahamandpenman.com
* *Pro hac vice*

**JOHNSON & JOHNSON LLP**
Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
James T. Ryan (SBN 210515)
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095
Email:  njohnson@jjllplaw.com
 djohnson@jjllplaw.com
 jryan@jjllplaw.com

Attorneys for Plaintiff,
ALLYSON NICHOLE BURNETT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLYSON NICHOLE BURNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>ADAM YOUNG D/B/A OWL CITY, MATT THIESSEN, BRIAN LEE, UNIVERSAL MUSIC GROUP, INC., SONGS MUSIC PUBLISHING, LLC, CARLY RAE JEPSEN, SCHOOLBOY RECORDS, LLC, AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, BROADCAST MUSIC, INC., and SESAC, INC.<br><br>    Defendants. | CASE NO. 2:12-cv-09203-DSF-VBK<br><br>Honorable Dale S. Fischer<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:  March 18, 2013<br>Time:  11:00 a.m. |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and this Court's Order Setting Scheduling Conference, Plaintiff Allyson Burnett ("Plaintiff" or "Burnett"), and Defendants Adam Young ("Young"), Universal Music Group, Inc. ("Universal"), Songs Music Publishing, LLC ("Songs"), and Schoolboy Records, LLC ("Schoolboy") submit this joint report following the conference required by Rule 26(f) of the Federal Rules of Civil Procedure.

## TOPICS SET FORTH IN THIS COURT'S ORDER SETTING SCHEDULING CONFERENCE

a. Statement of the Case

Plaintiff alleges that her copyright in the musical composition "AH, It's a Love Song" ("Love Song") is infringed by the musical composition "Good Time" and recordings of that musical composition.

### Plaintiff's Position

Plaintiff Allyson Burnett ("Plaintiff") wrote the lyrics and created the melody, harmony, and rhythm for her song, "AH, It's a Love Song" ("Love Song"). A demonstration version of Love Song was initially recorded on a friend's laptop in December 2009. Love Song opens with a few pick-up beats immediately followed by the song's hook, which is dominated by a unique vocal motif that was created and sung by Burnett in December 2009 (the "Love Song Musical Phrase"). The Love Song Musical Phrase is repeated throughout Love Song.

In 2010, Burnett began working with Rob Freeman, and together they created *The Takeover* EP, which included Love Song as the third track. *The Takeover* EP, including Love Song, is registered with the United States Copyright Office (SR0000664830) with a registration date of October 19, 2010. The sound recording of Love Song has been widely distributed, circulated, sold, licensed, and performed since February 2010.

Burnett contends that Defendants had access to the Love Song Musical

Phrase prior to creation of the musical composition "Good Time" and the sound recording embodying the musical composition "Good Time," (together "Good Time"). Plaintiff also contends that Defendants copied and incorporated the Love Song Musical Phrase into Good Time. Additionally, Plaintiff contends that the textless musical phrase used in the hook of Good Time (the "Good Time Musical Phrase") is substantially similar to the Love Song Musical Phrase. As a result, Plaintiff contends that Defendants' have infringed her exclusive rights under 17 U.S.C. § 106 and have profited from Defendants' infringing use and associated exploitation of Good Time. Plaintiff likewise seeks an accounting of monies that Defendants have collected from Good Time, and restitution of those profits to which she is entitled.

## The Appearing Defendants' Position

The Appearing Defendants wholly dispute that the musical composition "Good Time" infringes Burnett's alleged copyrighted composition "AH, It's a Love Song." The musical composition and recording of "Good Time" were independently created without access or reference to Burnett's allegedly copyrighted composition, and there is no substantial similarity between "Good Time" and "AH, It's a Love Song." To the extent any similarity between the musical composition "Good Time" and Burnett's alleged composition exists, such similarity is the result of coincidence and/or the use of common or trite ideas.

   b. Subject Matter Jurisdiction

Plaintiff alleges a claim under the copyright laws of the United States, as amended, 17 U.S.C. §§ 101, et seq., and, accordingly, the Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

   c. Legal Issues

The legal issues in this case include:

   1.    Whether Love Song and the alleged infringed portions of Love Song are original to Plaintiff.

2. Whether Plaintiff has a valid copyright in Love Song.

3. Whether the creators of the musical composition Good Time had access to Love Song, or any portion thereof, prior to the creation of Good Time.

4. For the Plaintiff: whether Love Song and Good Time, or any portions thereof, are substantially similar.  For the Appearing Defendants: whether Love Song and Good Time are substantially similar.

5. Whether Good Time, including the allegedly infringing portion thereof, was independently created.

6. Whether Defendants copied Love Song, or any portions thereof.

7. Whether the alleged similar portions of the compositions at issue constitute protectable expression.

8. Plaintiff's actual damages, if any.

9. The calculation and apportionment of Defendants' respective profits, if any, attributable to the allegedly infringing portion of Good Time.

d. Parties, Evidence, etc.

(1) The parties are:

a. Plaintiff.

b. Defendants Young, Universal, Schoolboy and Songs, each of whom has appeared.

c. Defendants Matthew Thiessen and Brian Lee, who are co-writers of the musical composition Good Time, and who have not been served by Plaintiff or appeared in this action.

d. Defendant Carly Rae Jepsen, a recording artist who performs on the recording of Good Time, and who has not been served by Plaintiff or appeared in this action.

e. Plaintiff named, but has since stipulated to the dismissal of, the performing rights organizations known as ASCAP, BMI and

SESAC.

(2) Percipient witnesses include:

 a. Plaintiff.

 b. Rob Freeman.

 c. Defendant Young.

 d. Defendant Thiessen.

 e. Defendant Lee.

 f. Rule 30(b)(6) witnesses for the respective entity defendants.

Percipient witnesses may also include third parties whose identities will be revealed in discovery with knowledge pertaining to the creation of "Good Time," the creation of "Love Song" and/or Plaintiff's access allegations.

(3) Key documents will include:

 a. Documents related to the creation and recording of Love Song.

 b. Documents related to the marketing, distribution, licensing, exploitation, and public performance of Love Song.

 c. Documents related to the creation and recording of Good Time.

 d. Documents related to the marketing, distribution, licensing, exploitation, and public performance of Good Time.

 e. Documents related to profits, if any, generated by Good Time and the calculation and apportionment of those profits.

(4) Subsidiaries, parents and affiliates of the entity parties:

 a. Universal: Universal's ultimate parent is Vivendi, S.A., a publicly traded French corporation, and has various subsidiaries and affiliates.

 b. Schoolboy: Schoolboy does not have an entity parent or any subsidiaries.

 c. Songs: Song Music Publishing, LLC has a subsidiary, which is Songs Music Publishing (UK) Ltd.

e. Damages

It is Plaintiff's position that she cannot present a realistic range of provable damages until she has received discovery as to profits, if any, with respect to Good Time. The Appearing Defendants deny that Plaintiff is entitled to any damages.

f. Insurance

The Appearing Defendants are unaware of any insurance available to them at this time. The Appearing Defendants will supplement this information as needed.

g. Motions

As to non-dispositive motions, Plaintiff anticipates the possibility of a motion to add The Harry Fox Agency as a royalty distributor defendant for the purposes of interpleading funds into the Court. The parties do not anticipate adding any other parties at this time, but discovery may identify such parties.

h. Manual for Complex Litigation

The parties agree that this matter does not qualify for utilization of the Manual for Complex Litigation.

i. Status of Discovery

Initial discovery is being prepared, but has not yet been served.

j. Discovery Plan

(1) Initial Disclosures: The parties have agreed to exchange initial disclosures under Federal Rule of Civil Procedure 26 by April 1, 2013.

(2) Anticipated written discovery and completion dates:

As noted above, two of the three songwriters of Good Time – Thiessen and Lee – and Jepsen, a performer on recordings of Good Time, have not yet been served or appeared in this action. Following Plaintiff's Application, the Court extended to June 22, 2013 the time for Plaintiff to serve defendants Thiessen, Lee and Jepsen (Order, Document 39), some of whom Plaintiff believes are not U.S. residents. As a result, these defendants, even if they are served or waive service within the next two months, will not appear in the action until June or July 2013.

While the parties who have appeared will not delay serving written discovery upon each other, they agree that – to avoid subjecting parties and witnesses to the cost and burden of multiple depositions – depositions should be deferred until the remaining defendants have appeared or the time to serve them has expired.

Also, as discussed below, the parties propose conducting discovery in two phases, with damages discovery as to issues of alleged actual damages, revenues, deductible expenses and apportionment of profits deferred until after the Court hears defendants' anticipated motions for summary judgment or partial summary judgment. *See, below* at § j(4). As to discovery other than damages discovery, the anticipated written discovery and completion dates are as follows:

Depositions and projected completion dates:

Depositions of Witnesses listed in Section (d)(1) and (d)(2) *supra*: November 14, 2013

Interrogatories: November 14, 2013

Requests for Documents: November 14, 2013

Requests for Admissions: November 14, 2013

Depositions of subsequently-identified witnesses: November 14, 2013.

(3) <u>Subjects on which it is anticipated discovery will be needed</u>:
  a. The creation, authorship and ownership of Plaintiff's Love Song;
  b. The alleged access to Plaintiff's Love Song, including the recording of Plaintiff's Love Song and the alleged use and/or distribution of Love Song;
  c. The creation of Good Time by defendants Young, Thiessen and Lee;
  d. The alleged similarities between portions of Plaintiff's Love Song and Good Time;
  e. Each defendants' revenues, if any, from the exploitation of Good Time;

    f.  Each defendants' deductible expenses in connection with the exploitation of the Good Time; and

    g.  The apportionment of each defendants' Good Time profits, if any, between the allegedly infringing portion of Good Time and other factors.

(4) <u>Whether discovery should be conducted in phases:</u>

The parties believe that discovery should be conducted in phases and focused upon particular issues. Additionally, it is the parties' intent to reduce resources by deferring full discovery on damages[1] and employing experts on the issue of damages only after the parties move, or decide to refrain from moving, for summary judgment on the issue of liability. The conduct of discovery in phases, including the completion dates of discovery as to liability and as to damages, are reflected in the attached proposed Schedule of Pretrial and Trial Dates.

(5) <u>Limitations on Discovery</u>

The parties do not see a need to make any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure. The parties have agreed that a Protective Order should be entered to protect the confidentiality of confidential documents or information (including without limitation confidential, private and/or commercially sensitive information) and will submit a stipulation to that Protective Order. The parties do not believe that there are any issues with the production of electronically stored information and that, absent special request by the opposing party, such information may be produced in hard copy form or may be produced electronically, if that is more practical.

  k.  <u>Discovery Cutoff</u>

The parties request a cut-off for fact discovery, other than damages

---

[1] The parties have agreed that some discovery on damages may be appropriate during the initial discovery phase. The parties agree to confer in good faith to resolve any disputes related to the timing and scope of damages discovery.

discovery, of December 30, 2013, and a cut-off for damages discovery of May 16, 2014 (after the hearing on defendants' anticipated motions for summary judgment or partial summary judgment).

l. Expert Discovery

Except as to damages discovery, the parties request that initial expert disclosures occur on November 14, 2013 and rebuttal expert disclosures occur on December 9, 2013, with an expert discovery cut-off of December 30, 2013.

As to damages discovery, the parties request initial expert disclosures occur on April 18, 2014 and rebuttal expert disclosures occur on May 2, 2014, with an expert discovery cut-off of May 16, 204.

m. Dispositive Motions

Defendants anticipate that they will file a motion for dismissal of this action as a matter of summary judgment on the grounds that a reasonable trier of fact could not conclude that Plaintiff can meet her burden of proof with respect to each of the elements of her claim for copyright infringement.  Defendants may also file a motion for partial summary judgment if warranted by the facts obtained in discovery.

n. Settlement/Alternative Dispute Resolution

While counsel have generally discussed Alternative Dispute Resolution procedures, to date no settlement discussions have occurred.  As to a settlement procedure, the parties respectfully select settlement procedure 2 under Local Rule 16-15.4

o. Trial Estimate

Trial will be by jury and the parties estimate that it will last 7 days.

p. Plaintiff anticipates calling 8-12 witnesses plus 2-4 expert witnesses.  Defendants anticipate calling 9 witnesses, and 2 to 3 expert witnesses.

q. Trial Counsel

Lead counsel for the Plaintiff will be Jason W. Graham.  Lead counsel

for Defendants Young, Universal, and Schoolboy Records will be Peter J. Anderson. Lead counsel for Defendant Songs will be Christine Lepera.

   r. <u>Independent Expert or Master</u>

The parties do not believe the appointment of a master is necessary at this time.

   s. <u>Timetable</u>

The parties respectfully refer to the Court to the completed Schedule of Pretrial and Trial Dates, attached hereto as "Exhibit A."

   t. <u>Other Issues</u>

There are no other issues at this time.

DATED: March 11, 2013

                             Respectfully Submitted,

                             GRAHAM & PENMAN, LLP

                             By: <u>/s/ Raegan M. King</u>
                                  Jason W. Graham
                                  Raegan M. King

                                  Attorneys for Plaintiff

                             JOHNSON & JOHNSON LLP

                                  Neville L. Johnson
                                  Douglas L. Johnson
                                  James T. Ryan

[Continued on Next Page.]

| | |
|---|---|
| DATED: March 11, 2013 | Respectfully Submitted, |

                              THE LAW OFFICES OF PETER J. ANDERSON
                              A Professional Corporation

                              By: /s/ Peter J. Anderson
                                    Peter J. Anderson

                              Attorney for Defendants ADAM YOUNG, UNIVERSAL MUSIC GROUP, INC., and SCHOOLBOY RECORDS LLC

DATED: March 11, 2013

                              Respectfully Submitted,

                              MITCHELL SILBERBERG & KNUPP, LLP

                              By: /s/ Jeffrey Movit
                                    Christine Lepera
                                    Bradley J. Mullins
                                    Jeffrey Movit *(Pro Hac Vice)*

                              Attorneys for Defendant Songs Music Publishing, LLC

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following parties in this matter with a copy of the foregoing via the Court's CM/ECF notification system to:

| | |
|---|---|
| Peter J. Anderson<br>The Law Offices of Peter J. Anderson<br>100 Wilshire Boulevard<br>Suite 2010<br>Santa Monica, CA 90401<br>pja@pjanderson.com | Lauren Gibbs<br>Fred D. Heather<br>Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP<br>10250 Constellation Blvd.<br>19th Floor<br>Los Angeles, CA 90067<br>lgibbs@glaserweil.com<br>fheather@glaserweil.com |

Christine Lepera
Bradley J. Mullins
Jeffrey Movit
Mitchell Silberberg & Knupp, LLP
12 E. 49th St.
30th Floor
New York, NY 10017
CTL@MSK.com
bym@msk.com

This is to certify that I have this day served all parties in this matter with a copy of the foregoing via first class mail to:

| | |
|---|---|
| AnnMarie Mori<br>TroyGould<br>1801 Century Park East<br>Suite 1600<br>Los Angeles, CA 90067<br>AMori@troygould.com | Linda M. Burrow<br>Caldwell Leslie & Proctor, P.C.<br>725 S. Figueroa Street<br>Los Angeles, CA 90017<br>burrow@caldwell-leslie.com |

John C. Beiter
Shackelford, Zumwalt, & Hayes
1014 16th Avenue South
Nashville, TN 37212
jbeiter@shacklaw.net

[Signature on following page.]

1
2  DATED: March 11, 2013
3                                          Respectfully Submitted,
4                                          GRAHAM & PENMAN, LLP
5
6                                          By: /s/ Raegan M. King
7                                               Jason W. Graham
8                                               Raegan M. King
9                                          Attorneys for Plaintiff
10                                     JOHNSON & JOHNSON LLP
11
12                                        Neville L. Johnson
13                                        Douglas L. Johnson
                                       James T. Ryan
14                                      Local counsel for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5185118.1/41940-00004        JOINT RULE 26(f) REPORT