**Note: Changes Have Been Made By The Court**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALLYSON NICHOLE BURNETT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ADAM YOUNG, *etc., et al.*,<br><br>　　　　Defendants. | Case No. CV12-09203 DSF (VBKx)<br><br>PROTECTIVE ORDER |

# PROTECTIVE ORDER

The parties to this action anticipate that the conduct of this matter may require disclosure of confidential information, including trade secrets, research, development, commercial, financial, and strategic information within the meaning of Fed.R.Civ.P. 26(c). Accordingly, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, pursuant to the Court's authority under F.R.C.P. 26(c)(1)(G), and with the consent of the parties,

It is hereby **ORDERED**:

**1. Scope of Order.** This Order is intended to facilitate the parties' production of information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this order is to be construed to expand or limit the parties' discovery obligations. This Order covers the production and use of all Discovery Materials in this action that constitute, contain or disclose, in whole or in part, information which the designating party deems to be "Confidential Information" or "Highly Confidential Information." All Documents, Pleadings, and testimony containing Confidential Information or "Highly Confidential Information" shall be protected in accordance with the terms of this Order. Although Discovery Materials and Pleadings that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information or Highly Confidential Information, to the extent feasible these materials shall be prepared in such a manner that the Confidential Information or Highly Confidential Information is bound separately from that not entitled to protection under this Order.

**2. General Definitions.** For purposes of this Order, the following terms have the following meanings:

    (a) "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as

permitted under Federal Rule of Civil Procedure 34.

(b) "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes, digital files (e.g., MP3 files) and other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any third party pursuant to subpoena or otherwise created or included in the course of discovery.

(c) "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

(d) "Party" or "Parties" shall mean and include the parties to this litigation and their respective current officers, employees, agents, affiliates and subsidiaries.

(e) "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential Information" or "Highly Confidential Information."

**3.     Confidential Information Defined.**  For purposes of this Order, "Confidential Information" shall mean and include any information (regardless of how it is generated, stored, or maintained), including Documents, Discovery Materials and Pleadings, that contains information within the scope of Federal Rule of Civil Procedure 26(c), California Civil Code Section 3426 *et seq.*, or which is otherwise a trade secret, proprietary, confidential commercial, business or personal information, or otherwise confidential or private.  For certain limited types of "Confidential Information," the producing party may further designate such Confidential Information as "Highly Confidential Information," as discussed more fully in Section 4 below.  "Confidential Information" shall not include Documents that have been produced before entry of this Order.

4. **<u>Highly Confidential Information Defined</u>.** "Highly Confidential Information" is information which, if known by the Party to whom it is disclosed, would be inherently harmful to the Designating Party's business. "Highly Confidential Information" may include the Designating Party's proprietary financial information or reports, commercially sensitive information, such as artist agreements, songwriter agreements, music publishing and/or administration agreements, royalty statements, or trade secrets under applicable law. "Highly Confidential Information" shall not include Documents that have been produced before entry of this Order.

5. **<u>Designating Protected Material</u>.** All designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate the information after such information has been produced, with the effect that such information is thereafter subject to the protections of this Order. The designation of Discovery Materials in the form of Documents and Discovery Materials other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Designating Party in the following manner:

(a) Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any Confidential Information (or in the case of computer medium or other tangible item on the item's label and/or cover) to which the designation applies.

(b) Documents designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL" on each page (or in the case of computer medium or other tangible item on the item's label and/or cover) to which the designation applies. Designations of "Highly Confidential" shall constitute

3

1  a representation that such Discovery Material has been reviewed by an
2  attorney for the Designating Party and that there is a valid basis for such
3  designation pursuant to the criteria set forth in this Order.

4  (c)   If a Document has more than one designation, the more
5  restrictive or higher confidential designation applies.

6  **6.   Designation of Deposition Testimony.**  All depositions taken in this case and the transcripts thereof shall automatically be treated as Highly Confidential Information for 20 days after receipt of the transcript. This 20-day period will begin running the day after the transcript is received by counsel for the Party defending the deposition and will conclude at the end of the 20th consecutive day (including weekends and holidays). Any confidentiality designation must be sent to opposing counsel by the end of the 20th day. During the deposition or during this 20-day time period, any Party may designate the deposition or any portion thereof as Confidential Information or Highly Confidential Information. Upon delivery of such designation to the other Party, the entire deposition transcript or the designated portion thereof shall be treated as Confidential Information or Highly Confidential Information subject to this Stipulation. If any deposition transcript or portion thereof has not been designated as Confidential Information or Highly Confidential Information by the expiration of the 20-day period after receipt of the transcript, that deposition or portion will no longer be Confidential Information or Highly Confidential Information.

21  **7.   Basic Disclosure Principles.**  Neither the Parties nor their counsel shall permit disclosure of Confidential Information or Highly Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

25  **8.   Disclosure of Confidential Information.**  Confidential Information may not be disclosed to any person except:

27  (a)   Any Party to this action, including their Information
28  Technology staff;

4

      (b)    Outside and in-house counsel for the Parties, including their paralegals and clerical staff, experts and consultants;

      (c)    Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct this action, provided that experts shall not have access to Confidential Information or Highly Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

      (d)    The Court and its personnel;

      (e)    Court reporters engaged for depositions, hearings or trial;

      (f)    Non-Party witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

      (g)    The author(s) or any recipient of the document or the original source of the information in any document; and

      (h)    Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A.

**9.** **Disclosure of Highly Confidential Information.**  Highly Confidential Information shall be subject to the same restrictions as Confidential Information but Highly Confidential Information may only be disclosed to the parties identified in Sections 8(b)-(e) and (g)-(h), above, and 8(f) above to the extent counsel has a good faith belief that the witness currently has or would be expected to have knowledge of the contents of the Document, or of its subject matter, and to no one else.

**10.** **Use of Discovery Material.**  Confidential Information and Highly Confidential Information produced in this litigation shall be used by the receiving Party for purposes of this action only.  The persons or entities identified in Sections 8-

9, above, to whom Confidential Information or Highly Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information or Highly Confidential Information for any purpose, whatsoever, except those related to this action.  Nothing in this Order shall prohibit any person or entity owning rights in or to Confidential Information or Highly Confidential Information from using such information in any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business, though any prohibition or restriction on any such use of such Confidential Information or Highly Confidential Information in any previous order of the Court shall continue to govern use of such information.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

**11.  Offering Materials into Evidence.**  If in connection with any motion or other proceeding in this action, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information or Highly Confidential Information, such evidence shall be redacted to remove all Confidential Information or Highly Confidential Information that is not reasonably necessary for the Court to understand the purpose of the Document as described in the Pleading and to effect the reasonable purpose of the offering party in submitting the document.

**12.  Filing of Materials Containing Confidential Information.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information or Highly Confidential Information.  A Party that seeks to file under seal any Confidential Information or Highly Confidential Information must comply with Civil Local Rule 79-5 and all orders of this Court.

**13.  Filing Under Seal.**  Any Confidential Information or Highly Confidential Information filed with the Court shall be filed in a sealed envelope

bearing the designation "Confidential: Subject to Protective Order," and shall otherwise comply with the requirements of Civil Local Rule 79-5 and all orders of this Court.

14. **Right To Redact.** Notwithstanding the right to designate information as Confidential or Highly Confidential, the Parties may redact from Discovery Material information that would qualify as Confidential Information under this Order, but which is irrelevant or otherwise not responsive to the discovery request giving rise to production of the Discovery Material, subject to paragraph 18 below.

15. **Duration.** This Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof. This Order, as an Agreement, shall remain in effect until all Confidential Information or Highly Confidential Information is returned to the Designating Party or destroyed, as provided below. Within thirty (30) days after termination of this action by dismissal, final non-appealable judgment or otherwise, each Party shall return to counsel for the Designating Party all information designated Confidential Information or Highly Confidential Information under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. In the alternative, counsel receiving Confidential Information or Highly Confidential Information may supervise the destruction of all Confidential Information or Highly Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. Counsel shall then advise all Parties' counsel in writing that all Confidential Information or Highly Confidential Information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned. Notwithstanding the foregoing, counsel of record and each Party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, including depositions and deposition exhibits. Nothing in this paragraph shall be construed to require any Party to return or destroy work product or attorney

client privileged communications, whether from or to outside or in-house counsel. Such file copies must continue be maintained under the conditions of maintaining confidentiality set forth in this Order.

16. **Limiting Disclosure.** All reasonable efforts shall be made by counsel of record to limit disclosure of Confidential Information or Highly Confidential Information to the minimum number of persons necessary to conduct this action.

17. **Access to Additional Person(s).** To the extent a Party decides that in order to understand or evaluate any Confidential Information the assistance of person(s) not otherwise entitled to access to Confidential Information is necessary, that Party may request permission of the Designating Party to show such information to the specifically identified additional person(s). The Party receiving the request shall respond promptly and shall not unreasonably withhold consent. If permission is granted, the Confidential Information may be shown to the additional person(s), subject to the requirement that such person(s) agree to be bound by the terms of this Order. Any disclosure of Confidential Information under this paragraph shall not result in a waiver or termination of any of the rights and obligations to any other Party or person under this Order. If permission is denied, the requesting Party may file an application *in camera* and under seal with the Court referencing the Confidential Information to be disclosed and, where appropriate, stating with particularity the reason or reasons assistance is needed, and naming the person to whom the Confidential Information is to be disclosed to obtain assistance.

18. **Challenges to Confidential Designation or to Redactions in Discovery Materials.** In the event the recipient Party disagrees with any designation of confidentiality or with the redaction of any information in Discovery Materials, the Parties shall attempt to resolve such dispute on an informal basis. If the dispute is not resolved informally, the recipient Party, by motion pursuant to the Joint Stipulation process and/or ex parte application, as prescribed in Local Rule 37, may contest the confidential designation or redaction. Pending resolution of the motion, the disputed

material will continue to be treated as designated (*i.e.*, either Confidential or Highly Confidential). If the Court determines that any materials are not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time. If the Court determines that any materials are not entitled to redaction, the producing Party shall disclose the redacted information within fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

**19. Declassification.** The restrictions on disclosure and use of Confidential Information or Highly Confidential Information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain by publication or otherwise, other than a result of a wrongful act or failure to act on the part of the Party claiming this exclusion. However, the restrictions shall continue to apply if such publication or other disclosure results from criminal, tortious or otherwise unlawful acts or omissions. A Party seeking to declassify material designated as Confidential Information may move the Court for a ruling that the material is not entitled to such status and protection.

**20. Right to Assert Other Objections.** This Order shall not be construed as requiring any Party to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure. Nothing herein shall be construed or applied to affect the rights of any Party to discovery or to assert any privilege or objection, or to prohibit any Party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

**21. Use During Trial.** This Order is intended to govern the exchange and use of materials, information and Documents during discovery, trial preparation, and post-trial proceedings. Questions regarding the use of Confidential Information or

///

Highly Confidential Information during the trial of this action, if any, will be addressed by the Court at a later time prior to or during trial.

**22.** **Subpoena or Order.** If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or Highly Confidential, counsel for such Party must so notify counsel for the Designating Party in writing immediately, and in no event more than five court days after receiving the subpoena or order. Counsel for the receiving Party also must inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. In the event the Designating Party files a motion for a protective order to prevent or limit disclosure, the Party receiving the subpoena shall not disclose the information designated Confidential or Highly Confidential until the motion is ruled upon and only to the extent the ruling is final and permits the disclosure, provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**23.** **Inadvertent Production.** If a Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, common interest privilege, work product immunity, or any other applicable privilege that would prevent the disclosure of such discovery, the producing Party may give written notice to the receiving Party that the Document is subject to a claim of attorney-client privilege, common interest privilege, work product immunity, or such other privilege, and request that the Document be returned to the producing Party. The receiving Party shall immediately return to the producing Party all copies of such

1  Document and shall return or destroy all excerpts and summaries thereof. Return of
2  the document by the receiving Party shall not constitute an admission or concession,
3  or permit any inference, that the returned Document is, in fact, properly subject to a
4  claim of attorney-client privilege, common interest privilege work product immunity,
5  or other claimed privilege, nor shall it foreclose the receiving Party from moving for
6  an order that such Document has been improperly designated as subject to a claim of
7  attorney-client privilege, common interest privilege, work product immunity or other
8  privilege, or should be produced for reasons other than a waiver caused merely by the
9  inadvertent production. The inadvertent disclosure of any privileged documents shall
10 not be deemed a waiver of that privilege as to any other Documents, testimony or
11 evidence.

12      **24.   Enforcement.**  This Order may be enforced by an order of specific
13 performance, as well as any claim for damages. Nothing in this Order abridges the
14 right of any person to seek its modification by the Court in the future.

16 Court addition: The procedures set forth in paragraph 11 are to be considered
17 operative only subject to a prior order of the Court approving such procedure.

19 Dated: June 11, 2013                    _____/s/_____
20                                             Honorable Victor B. Kenton
                                          UNITED STATES MAGISTRATE JUDGE

23 *Submitted jointly by:*

24 Jason W. Graham, Esq.
   Raegan M. King, Esq.
25 GRAHAM & PENMAN, LLP
   Attorneys for Plaintiff
26 ALLYSON NICHOLE BURNETT

27 Peter J. Anderson, Esq.
   LAW OFFICES OF PETER J. ANDERSON
28 A Professional Corporation

| | |
|---|---|
| 1 | Attorney for Defendants<br>ADAM YOUNG, UNIVERSAL MUSIC GROUP, INC.<br>and SCHOOLBOY RECORDS, LLC |
| 2 | |
| 3 | Jeffrey Movit, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>Attorney for Defendant<br>SONGS MUSIC PUBLISHING, LLC |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *Burnett v. Young et al.,* Case No. CV12-09203 DSF (VBKx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____