CHRISTINE LEPERA (admitted *pro hac vice*)
ctl@msk.com
JEFFREY M. MOVIT (admitted *pro hac vice*)
jmm@msk.com
BRADLEY J. MULLINS (SBN 274219)
bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 E. 49th Street, 30th Floor
New York, NY 10017
Telephone: (212) 509-3900

ELAINE K. KIM (SBN 242066)
ekk@msk.com
EMILY F. EVITT (261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Matt Thiessen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLYSON NICHOLE BURNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM YOUNG D/B/A OWL CITY, MATT THIESSEN, BRIAN LEE, UNIVERSAL MUSIC GROUP, INC., SONGS MUSIC PUBLISHING, LLC, CARLY RAE JEPSEN, SCHOOLBOY RECORDS, LLC, AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, BROADCAST MUSIC, INC., and SESAC, INC.,<br><br>　　　　　Defendants. | Case No. 2:12-CV-09203-DSF-VBK<br><br>The Honorable Dale S. Fischer<br>United States District Judge<br><br>**ANSWER OF MATT THIESSEN TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>File Date: October 25, 2012<br>Final Pretrial Conf.: July 21, 2014<br>Trial: August 19, 2014 |

Mitchell
Silberberg &
Knupp LLP
5425865.2

**ANSWER OF MATT THIESSEN TO THE COMPLAINT**

Defendant Matt Thiessen ("Defendant") submits the following answer to the Complaint of Plaintiff Allyson Nichole Burnett ("Plaintiff"). With respect to the allegations set forth in the Complaint:

## JURISDICTION AND VENUE

1. Defendant avers that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response, except admits that this is an action and that Plaintiff seeks relief under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Defendant opposes such relief, and denies that the Plaintiff is entitled to that relief or any other relief.

2. Defendant avers that Paragraph 2 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 2 of the Complaint sets forth factual allegations regarding Defendant, Defendant denies those allegations. To the extent that Paragraph 2 of the Complaint sets forth factual allegations regarding other parties, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint, except to the extent that Paragraph 3 of the Complaint sets forth factual allegations regarding parties other than Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the characterization of the song referred to in Paragraph 6 as the "Infringing Song," and incorporates this denial into the remaining paragraphs of this Answer. Defendant otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant avers that Paragraph 7 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 7 of the Complaint sets forth factual allegations regarding Defendant, Defendant denies those allegations, excepts admits that Defendant is a singer and songwriter, that Defendant maintains a residence in Nashville, Tennessee, and that Defendant is the co-author of a musical composition entitled "Good Time" ("Defendant's Composition").

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

16. Defendant denies that he has committed any infringement, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant avers that Paragraph 17 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 17 of the Complaint sets forth factual allegations regarding Defendant, Defendant denies those allegations, except admits that Defendant is a co-author of Defendant's Composition. To the extent that Paragraph 17 of the Complaint sets forth factual allegations regarding other parties, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the characterization of the alleged song referred to in Paragraph 20 as the "Infringed Song," and incorporates this denial into the remaining paragraphs of this Answer. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, except denies the characterization of the alleged "motif" referred to in Paragraph 21 as the "Original Motif," and incorporates this denial into the remaining paragraphs of this Answer.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the characterization of the songwriters referred to in Paragraph 36 as the "Infringing Songwriters," and incorporates this denial into the

remaining paragraphs of this Answer.  Defendant otherwise denies the allegations contained in Paragraph 36 of the Complaint, except admits that Defendant, Brian Lee and Adam Young are co-writers of Defendant's Composition.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, including but not limited to the characterization of the alleged "motif" referred to in Paragraph 37 as the "Copied Motif," and incorporates this denial into the remaining paragraphs of this Answer.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except admits the existence of a recording of Defendant's Composition by the artist professionally known as "Owl City" and Carly Rae Jepsen.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint,

except avers that Plaintiff is not entitled to any credit or attribution for the authorship of Defendant's Composition.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 49 of the Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 49 of the Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

## FIRST CLAIM FOR RELIEF

52. In response to Paragraph 52 of the Complaint, Defendant repeats and realleges his responses to Paragraphs 1-51 of the Complaint as if fully set forth herein.

53. Defendant avers that Paragraph 53 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 53 of the Complaint sets forth factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

54. Defendant avers that Paragraph 54 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 54 of the Complaint sets forth factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of them.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint, except admits that Defendant, Brian Lee and Adam Young are co-authors of Defendant's Composition.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. To the extent that Paragraph 60 of the Complaint sets forth factual allegations regarding parties other than Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of them. Defendant further avers that the term "substantial sums" is vague and imprecise, and therefore he cannot admit or deny the first sentence of Paragraph 60 to the extent that sentence purports to set forth factual allegations regarding Defendant. To the extent that Paragraph 60 of the Complaint otherwise sets forth factual allegations regarding Defendant, Defendant denies those allegations, except admits that Defendant is a co-writer of Defendant's Composition.

61. To the extent that Paragraph 61 of the Complaint sets forth factual allegations regarding parties other than Defendant, Defendant denies knowledge or information sufficient to form a belief as to the truth of them. To the extent that Paragraph 61 of the Complaint sets forth factual allegations regarding Defendant, Defendant denies those allegations, except admits that he has never sought or obtained permission to copy, record, publish, perform or make a derivative work of the alleged composition that Plaintiff alleges in the Complaint to have been infringed, and avers that no such permission is or was necessary.

1    62.   Defendant denies the allegations contained in Paragraph 62 of the Complaint.

3    63.   Defendant denies the allegations contained in Paragraph 63 of the Complaint.

5    64.   Defendant denies the allegations contained in Paragraph 64 of the Complaint.

7    65.   Defendant denies the allegations contained in Paragraph 65 of the Complaint.

9    66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

11   67.   Defendant denies the allegations contained in Paragraph 67 of the Complaint.

13   68.   Defendant denies the allegations contained in Paragraph 68 of the Complaint.

15   69.   Defendant denies the allegations contained in Paragraph 69 of the Complaint, excepts admits that Plaintiff has requested certain relief from the Court. Defendant denies Plaintiff is entitled to that relief, or to any other relief.

18   70.   Defendant denies the allegations contained in Paragraph 70 of the Complaint.

20   71.   Defendant denies the allegations contained in Paragraph 71 of the Complaint.

22   72.   Defendant denies the allegations contained in Paragraph 72 of the Complaint.

### SECOND CLAIM FOR RELIEF

73.   In response to Paragraph 73 of the Complaint, Defendant repeats and realleges his responses to Paragraphs 1-72 of the Complaint as if fully set forth herein.

74. Defendant avers that no response is required by Defendant to Paragraph 74 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

75. Defendant avers that no response is required by Defendant to Paragraph 75 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

76. Defendant avers that no response is required by Defendant to Paragraph 76 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

77. Defendant avers that no response is required by Defendant to Paragraph 77 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

78. Defendant avers that no response is required by Defendant to Paragraph 78 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

79. Defendant avers that no response is required by Defendant to Paragraph 79 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

80. Defendant avers that no response is required by Defendant to Paragraph 80 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

81. Defendant avers that no response is required by Defendant to Paragraph 81 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

82. Defendant avers that no response is required by Defendant to Paragraph 82 of the Complaint, as it solely concerns a cause of action against parties other than Defendant.

83.   Defendant denies that Plaintiff is entitled to any of the relief described in her Prayer for Relief, or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

## FIRST DEFENSE

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations.

## THIRD DEFENSE

Plaintiff has no standing to assert her Complaint and any claim therein.

## FOURTH DEFENSE

The alleged copyrighted work that is the subject of this Complaint consists of material that is not original, and does not constitute protectable copyrightable subject matter.

## FIFTH DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, and estoppel.

## SIXTH DEFENSE

Plaintiff's Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's copyrightable material constitutes fair use or de minimis use.

### SEVENTH DEFENSE

Plaintiff's alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from the defendants.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate any alleged damages.

### NINTH DEFENSE

Plaintiff's Complaint and any claims therein are barred by the doctrines of acquiescence and unclean hands.

### TENTH DEFENSE

The composition and recording of the allegedly infringing work were independently created without reference to Plaintiff's alleged copyrighted work.

### ELEVENTH DEFENSE

Any similarity between the compositions is the result of coincidence and/or the use of common or trite ideas.

### TWELFTH DEFENSE

This Court does not possess personal jurisdiction over Defendant.

WHEREFORE, Defendant prays that Plaintiff take nothing by her Complaint, and that Defendant be awarded his costs, including reasonable attorneys' fees incurred in the defense of this action, pursuant to 17 U.S.C. § 505, and for any other relief the Court deems just and proper.

DATED: July 15, 2013

CHRISTINE LEPERA
JEFFREY M. MOVIT
ELAINE K. KIM
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Emily F. Evitt

Attorneys for Matt Thiessen

## DEMAND FOR JURY TRIAL

Defendant Matt Thiessen hereby demands a trial by jury.

DATED: July 15, 2013

CHRISTINE LEPERA
JEFFREY M. MOVIT
ELAINE K. KIM
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Emily F. Evitt

Attorneys for Matt Thiessen